IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SHANTA LYNETT BROWN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF LYNCHBURG, *et al.*, )<br>)<br>Defendants. ) | Civil Action: 6:23cv00054 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants City of Lynchburg, Virginia (the "City") and Officer Seth Reed,[1] by counsel, respectfully submit this memorandum in support of their motion to dismiss.

SUMMARY OF ALLEGATIONS

Plaintiffs Shanta Lynette Brown ("Brown") and Aquasha Sandidge ("Sandidge") (together, "Plaintiffs") allege that on April 28, 2020, they observed from the window of their apartment Terron Pannell, their son and brother, respectively, being stopped in his vehicle by then Lynchburg Police Department ("LPD") Officer, now Deputy Zachary Miller ("Deputy Miller"). (Compl., ECF No. 1 ¶¶ 14–19.) Plaintiffs allege that Pannell had been stopped in front of the apartment building for a missing front license plate on his vehicle. (*Id.* ¶ 14.) Plaintiffs left the apartment and went to the front of the building, where they stood in front of the stopped vehicle. (*Id.* ¶ 19.) During the stop, LPD Officer Seth Reed ("Officer Reed") arrived on scene

---

[1] Deputy Zachary Miller and Officer Robbin Miller have not been served a copy of the Complaint as of the filing of this motion and thus are not required to respond.

with his K-9 and ordered Pannell out of the vehicle so that he could conduct a drug sniff of the vehicle, but Pannell refused the order. (*Id.* ¶¶ 28-30.)

Deputy Miller and Officer Reed physically removed Pannell from the vehicle, at which point Brown ran toward her son and the officers. (*Id.* ¶¶ 35–43.) Sandidge followed, recording a video on her smart phone. (*Id.* ¶¶ 44–45.) Deputy Miller intercepted Brown and then arrested her. (*Id.* ¶¶ 47–53.) LPD Officer Robbin Miller ("Officer Miller") (collectively, with Deputy Miller and Officer Reed, the "Defendant Officers") arrived on scene and attempted to arrest Sandidge, who struggled with him, so Deputy Miller assisted. (*Id.* ¶¶ 54–55.) During the struggle, Sandidge's smart phone fell to the ground, still recording, so Deputy Miller retrieved it, ending the recording in the process. (*Id.* ¶¶ 56–57.)

Brown, Sandidge and Pannell were then taken to the magistrate's office, where Deputy Miller and Officer Reed testified that they had been assaulted by Brown and that she had obstructed justice, and where Officer Miller testified that he had been assaulted by Sandidge. (*Id.* ¶¶ 69–71.) Plaintiffs were so charged. (*Id.* ¶¶ 72–74.) On or about March 10, 2023, the assault charge against Sandidge was dismissed on the prosecution's motion for *nolle prosequi*. (*Id.* ¶ 81.) On March 14, 2023, Brown was acquitted of the two assault charges and the obstruction of justice charge by a jury in the Lynchburg Circuit Court. (*Id.* ¶ 82.)

Plaintiffs also allege that the LPD failed to properly train its officers in the use of force. (*Id.* ¶ 84.) In support of this allegation, Plaintiffs recite "[u]pon information and belief" 15 separate instances, beginning in 2001 and ending in 2020, in which Lynchburg police officers allegedly used excessive force. (*Id.* ¶ 83). They also allege "[u]pon information and belief" that the uses of force against Plaintiffs were investigated by the LPD, but that none of the officers

2

involved were disciplined or counseled. (*Id.* ¶ 85.) Because these investigations were allegedly conducted by the Chief of the LPD, who "has final policymaking authority with regard to use of force[,]" the City thus "ratified the unconstitutional customs and practices of its officers." (*Id.*)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, she must allege facts sufficient to state all the elements of her claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds for her

entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

While "[a] plaintiff is generally permitted to plead facts based 'upon information and belief' if the plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant[,] . . . this permission is not limitless—allegations based 'upon information and belief' must be supported by secondhand information that provides the plaintiff a good-faith reason for believing it to be true." *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *6-7 (W.D. Va. Aug. 31, 2022) (citations and quotations omitted). "If allegations made 'upon information and belief' are not grounded in specific facts, they veer away from supporting plausible inferences." *Id.* (quotations omitted).

## ARGUMENT

For the sake of efficiency and the Court's convenience, Defendants respectfully submit each of their arguments in turn below in support of their motion to dismiss.

### CITY OF LYNCHBURG

**COUNTS VII – XIV.   Plaintiffs' Municipal Liability Claims against the City are barred by the applicable Statute of Limitations.**

For the reasons stated below with respect to Officer Reed's motion, Plaintiffs' claims against the Defendant Officers, with the exception of the malicious prosecution claims, are barred by the applicable statute of limitations. All of the claims against the City are similarly time-barred. Under federal case law, where "there are no underlying constitutional violations by any individual, there can be no municipal liability." *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Because there is no claim that the City is liable under *Monell* for a policy or custom of malicious prosecution, which is the

only claim that survives the applicable statute of limitations, then all of the Municipal Liability claims against the City are time-barred and ought be dismissed.

**COUNTS VII, VIII.  Plaintiffs failed to state a Municipal Liability Claim against the City for Unconstitutional Custom or Practice – Excessive Force.**

Plaintiffs seek to impute liability to the City for the alleged use of excessive force by its officers.  However, Plaintiffs' conclusory allegations fail to establish a municipal liability claim.

A local government entity cannot be held liable under 42 U.S.C. § 1983 for injuries inflicted solely by its employees or agents.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Local governments are only liable for their own illegal acts.  Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations.  *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999).  Such policies "must be contrasted with episodic exercises of discretion in the operational details of government."  *Id.* (citations omitted).  In limited conditions a government entity can create official policy by making a single decision in response to particular circumstances.  However, municipal liability attaches for a single decision "only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy."  *Id.* (citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled."  *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).  A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the

5

practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).  A policy or custom will not, however, "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding her own injury and arrest, which reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230-31; *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department.").  Such a claim must be alleged with "factual specificity." *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360, at *15 (W.D. Va. 2018).  Under these principles, Plaintiffs' Complaint lacks the requisite factual specificity to impose municipal liability on the City.

In support of their allegations in Counts VII and VIII that the City "maintains unconstitutional customs and practices regarding use of force by LPD officers that depart from and violate its facially constitutional written policies," Plaintiffs recite "[u]pon information and belief" 15 separate instances in which Lynchburg police officers allegedly used excessive force over a span of 20 years (Compl. ¶ 83). While Plaintiffs alleged an example that could be considered similar to their allegations, namely the March 7, 2020 incident involving Aniyah Hicks (*Id.* ¶ 83(o)), that incident resulted in a municipal liability claim against the City for which

summary judgment was awarded to the City by this Court. *See Hicks v. City of Lynchburg*, No. 6:21-cv-00043, 2023 U.S. Dist. LEXIS 176343, at *50 (W.D. Va. Sep. 30, 2023).

Furthermore, Plaintiffs' heavy reliance on the phrase "upon information and belief" while reciting these incidents demonstrates a lack of specific factual allegations. *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *3 (W.D. Va. Aug. 31, 2022). There is nothing to support such a conclusion, other than Plaintiffs' allegations that the incidents illustrate a pattern of use of unreasonable and excessive force, which the City permits. (Compl. ¶¶ 151–152, 158–159.) These vague and conclusory allegations do not reference any particular factual conduct by City officials to support a policy or custom of excessive force during arrest. Moreover, Plaintiffs made no allegation that there was a finding by any tribunal that the alleged uses of force violated constitutional rights, much less that they were excessive. Accordingly, such alleged uses of excessive force spanning over 20 years do not establish the sort of pattern that supports a *Monell* claim against the City.

**COUNTS IX, X.**     **Plaintiffs failed to state a Municipal Liability Claim against the City for Failure to Train its Officers in Use of Force.**

In support of their Counts IX and X claims of municipal liability for failure to train under 42 U.S.C. § 1983, Plaintiffs allege that the "lack of training of LPD officers in the constitutional limits of the use of force is . . . *obvious*, as evidenced by the examples of the unconstitutional use of force by LPD officers previously provided." (Compl. ¶¶ 163, 168.) (emphasis added). These vague and conclusory allegations do not reference any particular factual conduct by City officials to support the conclusion that they failed to train their police officers. Courts examining similar allegations have held them insufficient to state a *Monell* claim.

7

For example, in *Jackson v. Brickey*, Jackson claimed his arrest for obstruction of justice lacked probable cause. He alleged, *inter alia*, that the arrest stemmed from the Saltville Police Department's "institution-wide failure to train its officers properly about the rule of law and the Constitutional rights of U.S. citizens" and its "*de facto* institution-wide policies about ignoring or being deliberately indifferent to Constitutional rights or violations of such rights." *Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011). The Court disregarded these allegations, holding they were "mere conclusory statements regarding the police department's failure to train," which amounted to "naked assertions devoid of further factual enhancement." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). Jackson's "references to generalized deficiencies within the department d[id] not sufficiently flesh out his allegations." *Id.* Likewise, Plaintiffs' allegations are naked assertions devoid of factual support. Accordingly, Counts IX and X should be dismissed as to the City.

**COUNTS XI – XIV. The City's alleged Failure to Discipline and Ratification of the Officers' conduct are insufficient to state a Municipal Liability Claim.**

In Counts XI and XII, Plaintiffs allege that the LPD investigated the Officers' conduct after they used force against Plaintiffs and did not discipline them. (Compl. ¶¶ 174–175, 184–185.) Plaintiffs further allege that failing to discipline the officers was a "moving force" behind Plaintiffs' injuries. (*Id.* ¶¶ 179, 189.) Additionally, in Counts XIII and XIV, Plaintiffs allege that the LPD's "review or investigation of the use of force" against Plaintiffs by LPD officers "concluded that the officers had not violated the law or LPD policies." (*Id.* ¶¶ 195, 204.) This "ratification" by the City of the "excessive use of force" against Plaintiffs "was a moving force behind" Plaintiffs' injuries. (*Id.* ¶¶ 198, 207.)

8

These allegations are also insufficient to state a claim for municipal liability. It is impossible for the City's determination—made *after* the alleged excessive force—to have caused the excessive force. Mere ratification of the conduct at issue "could not have been the 'moving force' behind [the] defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *23 (W.D. Va. July 22, 2020) (citing *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)).

*Booker*, as well as this case, are distinguishable from *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529 (4th Cir. 2022) because in *Starbuck*, the school board's action of approving the student's suspension was a necessary element of the suspension actually having occurred, thus making it a "moving force" behind the constitutional violation. Whereas here, the City's alleged ratification of the Defendant Officers' conduct after the fact had no effect on whether the conduct actually occurred, and thus, could not have been the "moving force' behind Plaintiffs' alleged constitutional violations. Accordingly, the City cannot be liable for the Defendant Officers' alleged use of excessive force by reason of any alleged lack of discipline or ratification of the officers' conduct. Thus, Counts XI, XII, XIII, and XIV should be dismissed as to the City.

**OFFICER REED**

**COUNTS I – IV, XV – XVIII.   Plaintiffs' claims against the Defendant Officers[2] are barred by the applicable Statute of Limitations.**

---

[2] The § 1983 claims of malicious prosecution (Counts V and VI), as well as the state law claims of malicious prosecution (Counts XIX and XX) are excepted from this section, because the statute of limitations period for such claims accrues on the date of favorable final disposition of the charges, which for each Plaintiff was within two years of Plaintiffs filing their Complaint.

Plaintiffs allege that the Defendants used excessive force while arresting them under false pretenses on April 28, 2020, in violation of their 4th and 14th Amendment Rights (Compl. ¶¶ 47–57.) In Counts I, II, III and IV, Plaintiffs assert § 1983 claims of Excessive Force and Unlawful Seizure against the Defendant Officers. In Counts XV, XVI, XVII, and XVIII, Plaintiffs assert analogous state law claims of Assault and Battery and False Imprisonment against the Defendant Officers. Plaintiffs filed their lawsuit on September 18, 2023, more than two (2) years after their arrest.

"There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, the statute of limitations period which governs personal injury actions, such as assault and battery and false imprisonment, is two (2) years. *See* Va. Code Ann. § 8.01-243(A). Thus, Plaintiffs had two (2) years from their arrest on April 28, 2020, the day on which their cause of action accrued[3] to pursue their claims against the Defendant Officers. Therefore, Plaintiffs' final day to pursue such claims was April 28, 2022.

Plaintiffs did not file their Complaint until September 18, 2023, seventeen (17) months after the statute of limitations had lapsed. Requiring the Defendant Officers to litigate these claims after the expiration of the statute of limitations would run afoul of both the letter and policies of the statute of limitations. *See Goad v. Celotex Corp.,* 831 F.2d 508, 510 (4th Cir. 2007) (noting that "[s]tatutes of limitation represent a public policy judgment by a State as to the time at which an action becomes too stale to proceed in its courts").

---

[3] *See, e.g., Nieves v. McSweeney,* 73 F. Supp 2d 98, 103 (D. Mass. 1999) (finding that excessive force claim accrued at time of arrest).

Thus, the Court ought to dismiss these claims against the Defendant Officers.

## CONCLUSION

For the foregoing reasons, Defendants City of Lynchburg, Virginia and Officer Seth Reed, by counsel, respectfully request that the Court dismiss with prejudice the Plaintiffs' claims as detailed in this Memorandum, and for such other relief as the Court may deem appropriate.

CITY OF LYNCHBURG, VIRGINIA AND OFFICER SETH REED

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB # 22299)
John R. Fitzgerald (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
       johnf@guynnwaddell.com
*Attorney for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois (VSB 72326)
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
T: 434-845-4529
F: 434-845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB # 22299)
John R. Fitzgerald (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email:  JimG@guynnwaddell.com
           JohnF@guynnwaddell.com
*Attorneys for Defendants*