IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SHANTA LYNETTE BROWN, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action: 6:23cv00054 |
| THE CITY OF LYNCHBURG, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

Defendants City of Lynchburg, Virginia (the "City") and Officer Seth Reed, by counsel, respectfully submit this reply memorandum in support of their motion to dismiss.

1. **Virginia Code § 8.01-229(K) did not toll the applicable statute of limitations on Plaintiffs' claims.**

Plaintiffs filed their lawsuit on September 18, 2023, more than two (2) years after their arrest on April 28, 2020. "There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, the statute of limitations period which governs personal injury actions is two (2) years. *See* Va. Code Ann. § 8.01-243(A). Thus, with the exception of their malicious prosecution claims, which accrued on the dates of final disposition of their respective criminal charges, Plaintiffs missed their window.

Plaintiffs assert that Virginia Code § 8.01-229(K) tolled the statute of limitations because their personal action and the criminal prosecutions against them "arose from the same set of facts." However, as this Court found in *Brown v. Edmonds*, 2012 U.S. Dist. LEXIS 90093 (W.D.

1

Va. June 28, 2012), § 8.01-229(K) only applies when the facts *that must be proven* in the civil and criminal proceedings are the same.

> The facts necessary to prove malicious wounding beyond a reasonable doubt in Virginia criminal proceedings are not the same facts to determine whether defendants were personally aware of facts indicating a substantial risk of serious harm to plaintiff and whether defendants actually recognized the existence of that risk. . . . Accordingly, plaintiff's § 1983 action against defendants did not arise out of the same facts as the cellmate's malicious wounding, and Virginia Code § 8.01-229(K) does not toll the statute of limitations.

*Id.* at *6.

Here, as in *Brown*, the facts necessary to prove the criminal charges leveled at Plaintiffs, namely assault and battery of a law enforcement officer and obstruction of justice, are not the same facts necessary to determine whether Defendants used excessive force, unlawfully seized, assaulted and battered, or falsely imprisoned Plaintiffs during the course of their arrest, much less the same facts necessary to prove the various *Monell* claims against the City.

Thus, Va. Code § 8.01-229(K) did not toll the 2-year statute of limitations on Plaintiffs' non-malicious-prosecution claims, and the Court ought to dismiss those claims against Officer Reed and the other defendant officers.

2. **Plaintiffs' *Monell* claims against the City are similarly time-barred.**

For the reasons stated *supra*, Plaintiffs' claims against the defendant officers are time-barred. Under federal case law, where "there are no underlying constitutional violations by any individual, there can be no municipal liability." *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Because there is no claim that the City is liable under *Monell* for a policy or custom of malicious prosecution, which is the

only claim that survives the applicable statute of limitations, then all of the claims against the City are similarly time-barred and ought be dismissed.

3. **Plaintiffs failed to state *Monell* claims against the City for having an unconstitutional custom or practice of allowing excessive force, or for failing to train its officers in the use of force.**

Plaintiffs' assertion that their list of examples of "alleged unconstitutional conduct" are "meaty enough" to survive a 12(b)(6) motion to dismiss because they "will establish, *if proven*, the pattern necessary to underlie a *Monell* claim," is undermined by the fact that such allegations will not, and cannot, be "proven" in these proceedings.

Furthermore, Plaintiffs' allegations are insufficient because the references to lawsuits do not indicate that any of the lawsuits resulted in a finding of constitutional violation or use of excessive force. Indeed, Plaintiffs' only example that could be considered similar to their allegations, namely the March 7, 2020 incident involving Aniyah Hicks, resulted in a municipal liability claim against the City for which summary judgment was awarded to the City by this Court. *See Hicks v. City of Lynchburg*, No. 6:21-cv-00043, 2023 U.S. Dist. LEXIS 176343, at *50 (W.D. Va. Sep. 30, 2023).

Moreover, the references to alleged uses of excessive force lack information to substantiate the outcome of the allegations. It is axiomatic that allegations of previous uses of excessive force without more cannot establish a policy. If the allegations or claims are untrue or unfounded, then there was no excessive force in accordance with an alleged policy. Without one single allegation that there was a finding by any tribunal that the alleged uses of force violated constitutional rights, Plaintiffs' list lacks meat on the bone.

Plaintiffs' naked assertion that the lack of training of Lynchburg Police Department officers in excessive force is "obvious" is similarly all-bone and ought to be dismissed. *See Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011).

4. **The City's alleged condonation and ratification of the defendant officers' conduct are insufficient to state a *Monell* claim.**

Plaintiffs evidently wish to wade into the murky waters of *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F. 4th 529 (4th Cir. 2022), so Defendants will oblige them. However, *Starbuck* is inapposite to this case. Plaintiff argues that the *Starbuck* decision stands for the concept that the City's condonation, or failure to discipline, its officers constitutes ratification of the officers' actions. Plaintiffs are the ones who misread the *Starbuck* decision.

First, the holding in *Starbuck* is "the School Board's approval of a suspension allegedly imposed to punish assertedly protected speech is a decision of a body with final policy-making authority. *Monell* teaches that such a decision gives rise to the School Board's potential liability under 42 U.S.C. § 1983." 28 F. 4th at 536.

Second, although the opinion in *Starbuck* veered off into a discussion of ratification, the School Board's decision gave rise to a constitutional violation in and of itself. That is, the School Board retains the final "say so" over a student's suspensions, including short-term suspensions. *Id.* at 533. Accordingly, the School Board's action in *Starbuck* was a decision by policy makers that gave rise to *Monell* liability. The School Board's act constituted the moving force behind the asserted constitutional violation: the alleged punishment of protected speech. *Id.* at 535. The damage claimed by Starbuck— a suspension on his permanent record—directly resulted from the School Board's actions.

In this case, the alleged review and approval by the City of the officers' actions caused no damage to the Plaintiffs. As opposed to the circumstances in *Starbuck*, the City's actions were not an excessive use of force, unlawful seizure, or malicious prosecution, and did not in and of themselves cause injury. In short, the analysis in *Starbuck* does not apply in this case because the alleged constitutional injury did not result from the City's review.

## CONCLUSION

For the foregoing reasons, Defendants City of Lynchburg, Virginia and Officer Seth Reed, by counsel, respectfully request that the Court dismiss with prejudice the Plaintiffs' claims as detailed in this Memorandum, and for such other relief as the Court may deem appropriate.

CITY OF LYNCHBURG, VIRGINIA AND
OFFICER SETH REED

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB # 22299)
John R. Fitzgerald (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois (VSB 72326)
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
T: 434-845-4529
F: 434-845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

      /s/ John R. Fitzgerald
      Jim H. Guynn, Jr. (VSB # 22299)
      John R. Fitzgerald (VSB # 98921)
      GUYNN WADDELL, P.C.
      415 S. College Avenue
      Salem, Virginia  24153
      Phone: 540-387-2320
      Fax:    540-389-2350
      Email:  JimG@guynnwaddell.com
             JohnF@guynnwaddell.com
      *Counsel for Defendants*