IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SHANTA LYNETTE BROWN ) | |
| ) | |
| and ) | |
| ) | |
| AQUASHA SANDIDGE, ) | |
|     *Plaintiffs* ) | |
| ) | |
| v. ) | CASE NO.: 6:23cv00054 |
| ) | |
| THE CITY OF LYNCHBURG, et al. ) | |
|     *Defendants*. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS (ECF 17 and ECF 18) FILED BY DEFENDANTS ZACHARY MILLER AND ROBBIN MILLER**

COME NOW the Plaintiffs, Shanta Lynette Brown and Aquasha Sandidge, in opposition to the Rule 12(b)(6) Motions to Dismiss filed by Defendant Zachary Miller (ECF 17) and Robbin Miller (ECF 18) to-wit:

**THE PLAINTIFFS ADOPT AND INCORPORATE PREVIOUS BRIEFING**

The Plaintiffs adopt and incorporate the substance and arguments of the Memorandum in Opposition (ECF 14) previously filed with regard to Defendants Seth Reed and the City of Lynchburg.

**FURTHER ARGUMENT**

The Defendants cited to *Brown v. Edmonds*, 2012 U.S. Dist. LEXIS 90093 (W.D. Va. June 28, 2012) as authority that the tolling provision of Va. Code § 8.01-229(K) does not operate to toll the period of limitations pertaining to the Plaintiff's civil claims. However, *Brown* is clearly inapposite.

The inmate plaintiff in Brown alleged that a prison official harmed him by housing him with a dangerous cellmate. The plaintiff sued the prison official when the cellmate purportedly attacked him. The plaintiff argued that Va. Code § 8.01-229(K) tolled the limitation period while the criminal case was pending against the cellmate. Rejecting this argument, this Court held that the facts underlying the civil claim (the decision-making process by the official that went into housing the inmates) were different facts than were presented in the criminal prosecution (the attack by the cellmate). Of course, in Brown, the parties in the civil matter were actually even different than the parties in criminal matter.

Such is not the case here. The same incident resulted in both the criminal charges against the Plaintiffs and their civil claims. Thus, both cases clearly arose from the same facts and so Va. Code § 8.01-229(K) operated to toll the period of limitation until the conclusion of the criminal prosecutions and all of the Plaintiff's claims are timely.

Respectfully submitted,

**SHANTA LYNETTE BROWN and AQUASHA SANDIDGE**
By Counsel

/s/ M. Paul Valois
M. Paul Valois, Esquire
Virginia State Bar No. 72326
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
P (434) 845-4529
F (434) 845-8536
mvalois@vbclegal.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of December, 2023, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

<u>/s/ M. Paul Valois</u>