IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SHANTA LYNETTE BROWN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action: 6:23cv00054 |
| ) | |
| THE CITY OF LYNCHBURG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ANSWER**

Defendants City of Lynchburg, Officer Seth Reed ("Reed"), Deputy Zachary Miller ("Z. Miller"), and Officer Robbin Miller (collectively, "Defendants"), by counsel, respectfully submit this answer to the Plaintiffs' Complaint:

1. Paragraphs 1-4 contain legal conclusions to which no response is required.

2. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 5-6.

3. Defendants admit the allegations contained in paragraphs 7-11.

4. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 12-13.

5. Defendants admit the allegations contained in paragraph 14, except the allegation that the warehouse was on Kemper Street.

6. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 15.

7. Defendants admit the allegation contained in paragraph 16 that Miller initiated the traffic stop in the parking lot in front of the Jobbers Overall Apartments building located at 1503

Kemper Street in Lynchburg. Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 16.

8. Defendants deny the allegations contained in paragraph 17.

9. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 18-19.

10. Defendants deny the allegations contained in paragraphs 20-21.

11. Defendants admit the allegation contained in paragraph 22.

12. Defendants deny the allegations contained in paragraphs 23-24.

13. Defendants admit that Z. Miller asked Officer Grooms to try to obtain consent from Terron Pannell, but deny the remaining allegations contained in paragraph 25.

14. Defendants admit the allegation contained in paragraph 26.

15. Defendants deny the allegation that Terron Pannell refused consent to the search of the vehicle and admit the remaining allegations contained in paragraph 27.

16. Defendants admit the allegations contained in paragraph 28.

17. Defendants admit that Reed ordered Terron Pannell out of the vehicle and deny the remaining allegations contained in paragraph 29.

18. Defendants admit the allegations contained in paragraph 30.

19. Defendants deny the allegations contained in paragraph 31.

20. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 32.

21. Defendants deny the allegations contained in paragraphs 33-39.

22. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 40-41.

23. Defendants deny the allegations contained in paragraph 42.

24. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 43.

25. Defendants deny the allegation contained in paragraph 44.

26. Defendants lack sufficient information to admit or deny the allegation contained in paragraph 45.

27. Defendants deny the allegations contained in paragraphs 46-59.

28. Defendants admit the allegations contained in paragraphs 60-61.

29. Defendants deny the allegations contained in paragraphs 62-66.

30. Defendants admit the allegation contained in paragraph 67.

31. Defendants deny the allegations contained in paragraphs 68-71.

32. Defendants admit the allegations contained in paragraphs 72-74.

33. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 75-77.

34. Defendants deny the allegations contained in paragraph 78.

35. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 79-82.

36. Defendants deny the allegations contained in paragraph 83-87.

37. In response to the allegations contained in paragraph 88, Defendants incorporate their responses to the preceding paragraphs.

38. Defendants deny the allegations contained in paragraphs 89-96.

39. In response to the allegations contained in paragraph 97, Defendants incorporate their responses to the preceding paragraphs.

40. Paragraph 98 contains a legal conclusion to which no response is required.

41. Defendants deny the allegations contained in paragraphs 99-107.

42. In response to the allegations contained in paragraph 108, Defendants incorporate their responses to the preceding paragraphs.

43. Paragraph 109 contains a legal conclusion to which no response is required.

44. Defendants deny the allegations contained in paragraphs 110-112.

45. Defendants lack sufficient information to admit or deny the allegation contained in paragraph 113.

46. Defendants deny the allegations contained in paragraphs 114-117.

47. In response to the allegations contained in paragraph 118, Defendants incorporate their responses to the preceding paragraphs.

48. Paragraph 119 contains a legal conclusion to which no response is required.

49. Defendants deny the allegations contained in paragraphs 120-122.

50. Defendants lack sufficient information to admit or deny the allegation contained in paragraph 123.

51. Defendants deny the allegations contained in paragraphs 124-127.

52. In response to the allegations contained in paragraph 128, Defendants incorporate their responses to the preceding paragraphs.

53. Defendants deny the allegations contained in paragraphs 129-135.

54. Defendants lack sufficient information to admit or deny the allegations in paragraphs 136-137.

55. In response to the allegations contained in paragraph 138, Defendants incorporate their responses to the preceding paragraphs.

56. Defendants deny the allegations contained in paragraphs 139-145.

57. Defendants lack sufficient information to admit or deny the allegation contained in paragraph 146.

58. In response to the allegations contained in paragraph 147, Defendants incorporate their responses to the preceding paragraphs.

59. Defendants admit the allegation contained in paragraph 148.

60. Defendants deny the allegations contained in paragraphs 149-153.

61. In response to the allegations contained in paragraph 154, Defendants incorporate their responses to the preceding paragraphs.

62. Defendants admit the allegation contained in paragraph 155.

63. Defendants deny the allegations contained in paragraphs 156-160.

64. Paragraphs 161-208 pertain to claims that were dismissed by the Court's Order dated and filed April 12, 2024 (ECF No. 29). Therefore, no response is required.

65. In response to the allegations contained in paragraph 209, Defendants incorporate their responses to the preceding paragraphs.

66. Defendants deny the allegations contained in paragraphs 210-211.

67. Paragraphs 212-214 contain legal conclusions to which no response is required.

68. Defendants deny the allegations contained in paragraphs 215-216.

69. Paragraphs 217-218 contain legal conclusions to which no response is required.

70. In response to the allegations contained in paragraph 219, Defendants incorporate their responses to the preceding paragraphs.

71. Defendants deny the allegations contained in paragraph 220.

72. Paragraphs 221-222 contain legal conclusions to which no response is required.

73. In response to the allegations contained in paragraph 223, Defendants incorporate their responses to the preceding paragraphs.

74. Defendants deny the allegations contained in paragraph 224.

75. Paragraphs 225-226 contain legal conclusions to which no response is required.

76. In response to the allegations contained in paragraph 227, Defendants incorporate their responses to the preceding paragraphs.

77. Defendants deny the allegations contained in paragraphs 228-231.

78. Paragraphs 232-233 contain legal conclusions to which no response is required.

79. In response to the allegations contained in paragraph 234, Defendants incorporate their responses to the preceding paragraphs.

80. Defendants deny the allegations contained in paragraphs 235-238.

81. Paragraphs 239-240 contain legal conclusions to which no response is required.

82. Defendants deny all allegations in the Complaint not expressly admitted herein.

83. Defendants deny that they are indebted or liable to the Plaintiffs for the reasons set forth in the Complaint and deny that they are indebted or liable to the Plaintiffs for any amounts or reasons whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Defendants cannot be held liable by virtue of the doctrines of sovereign, governmental, qualified, and/or good faith immunity.

2. Plaintiffs' claims are barred in whole or in part by the doctrines of contributory negligence and assumption of the risk.

3. Defendants deny that Plaintiffs are entitled to punitive damages.

4.      Defendants reserve the right to rely upon any other defenses that may become available or apparent during the proceedings in this case, including discovery.

JURY TRIAL IS DEMANDED.

Respectfully submitted,

CITY OF LYNCHBURG, SETH REED,
ZACHARY MILLER, and ROBBIN MILLER

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
       johnf@guynnwaddell.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois (VSB 72326)
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
T: 434-845-4529
F: 434-845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB # 22299)
John R. Fitzgerald (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email:  JimG@guynnwaddell.com
           JohnF@guynnwaddell.com
*Counsel for Defendants*