IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SHANTA LYNETTE BROWN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action: 6:23cv00054 |
| ) | |
| THE CITY OF LYNCHBURG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO EXCLUDE DUNSTON**

Defendants City of Lynchburg, LPD Officer Seth Reed, Deputy Zachary Miller, and LPD Officer Robbin Miller (collectively, "Defendants"), by counsel, offer this reply brief in support of their motion to exclude Mark S. Dunston ("Dunston") from testifying as an expert at the trial of this action, in whole or in part.

ARGUMENT

**I. Dunston's opinions are conclusory and lack application of a reliable methodology.**

Dunston's Report is utterly devoid of application of his claimed "comparative methodology." Yet, Plaintiffs insist that Dunston's pointing to the use of force standards from *Tennessee v. Garner* and *Graham v. Connor*, his reference to "what [he] and other trainers have instructed throughout the law enforcement profession[,]" and his allusion to "best practices and standards from several law enforcement policy and training associations including the International Association of Chiefs of Police (IACP)"—will somehow overcome Dunston's failure to elaborate upon these standards and training and apply them to the facts.

Merely pointing to standards from cases, without explaining what those standards are, is not helpful to a jury. Merely referencing one's own and other trainers' instruction "throughout the

1

law enforcement profession," without describing what that instruction entailed, is not helpful to a jury. Merely alluding to a nebulous universe of "best practices and standards from *several* law enforcement policy and training associations," without expounding upon what those are, is not helpful to a jury. A jury likely has no idea what these standards, practices and trainings are, and so they would have to simply take Dunston's word for it. A court ought not "admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 203 (4th Cir. 2001).

Dunston must describe these standards, practices and trainings in order to reliably apply them to the facts in a way that is informative, and not merely invasive to the province of the jury. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008). Dunston cannot explain how the officers' actions were inconsistent with standards, practices and training without first describing what those standards, practices or trainings were. Neither Plaintiffs' expert disclosure nor Dunston's Report did so, and thus his opinions and testimony are inadmissible.

## II. Dunston's factual inaccuracies are more than trivial; they demonstrate the unreliability of his methods.

Dunston's "misnomer" regarding Robbin Miller's statements, his mischaracterization of Robbin Miller's actions upon arriving on the scene, and his inaccurate description of Officer Grooms' "controlling" of Plaintiffs with mere "verbal tactics and de-escalation tactics," are far from trivial or immaterial. Rather, these readily apparent factual errors evidence the unreliability of Dunston's methodology. If Dunston cannot even relate an accurate description of the facts, it is evidence that he did not formulate an accurate understanding of the facts before rendering his opinions. Without that, Dunston could not have reliably applied a methodology to the facts even if he had applied one, which he did not.

2

### III. Dunston's legal conclusions invade the province of the jury.

One of Dunston's opinions was that "Officer Z. Miller's statement of having been assaulted *when he had not* would be a violation of ethical behavior" and a "crime," and that Dunston "would not tolerate such behavior." Though couched in some conditional language and a disclaimer, this "opinion" is, in effect, a legal conclusion that Zachary Miller maliciously prosecuted Brown. It is axiomatic that a legal conclusion disguised as a conditional statement which implies liability to a defendant is not permitted from an expert. Nor is such a legal conclusion justified by the fact that Brown was later acquitted of assault on Miller. The issue for the jury to decide in this case is whether Zachary Miller maliciously lied about Brown having assaulted him, not whether Brown assaulted him. These issues are distinct, and resolution of one does not necessarily follow from the other.

Plaintiffs are correct that it is within the realm of common observation to distinguish intentional conduct from unintentional conduct and that anyone is capable of doing so whether or not they are an expert. This is precisely why Dunston's opinion that Zachary Miller "appeared to have *purposely* delayed the conclusion of the traffic stop" invades the province of the jury. As Plaintiffs argue, a jury of lay persons is perfectly capable of deciding whether Zachary Miller purposely delayed the traffic stop. That said, whether Zachary Miller purposely delayed the traffic stop need not be decided by the jury here because the subject of the traffic stop, Terron Pannell, is not a plaintiff in this case. The lawfulness of the duration of the traffic stop is not at issue here.

### IV. Dunston's ultimate opinion lacks foundation.

Dunston's ultimate opinion "that officers Z. Miller, R. Miller and Reed acted in a manner not consistent with what I and other trainers have instructed throughout the law enforcement profession" lacks foundation and is therefore unhelpful to the jury. As argued above, Dunston

3

failed to describe what he and other trainers have instructed. Furthermore, Dunston's mere reference to two Supreme Court cases, without providing any description of the use of force standards from those cases, is not much help either. This Court ought not "admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Cooper*, 259 F.3d at 203.

## CONCLUSION

For the foregoing reasons, Defendants City of Lynchburg, LPD Officer Seth Reed, Deputy Zachary Miller, and LPD Officer Robbin Miller respectfully request that the Court exclude the opinions and testimony of Mark S. Dunston, in whole or in part.

                                                    CITY OF LYNCHBURG, SETH REED,
                                                   ZACHARY MILLER, and ROBBIN MILLER

                                                   By /s/ John R. Fitzgerald
                                                   Jim H. Guynn, Jr. (VSB #22299)
                                                   John R. Fitzgerald (VSB #98921)
                                                   GUYNN WADDELL, P.C.
                                                   415 S. College Avenue
                                                   Salem, Virginia 24153
                                                   Phone: 540-387-2320
                                                   Fax:   540-389-2350
                                                     Email: jimg@guynnwaddell.com
                                                                  johnf@guynnwaddell.com
                                                   *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois (VSB 72326)
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
T: 434-845-4529
F: 434-845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

                                    /s/ John R. Fitzgerald
                                    Jim H. Guynn, Jr. (VSB # 22299)
                                    John R. Fitzgerald (VSB # 98921)
                                    GUYNN WADDELL, P.C.
                                    415 S. College Avenue
                                    Salem, Virginia 24153
                                    Phone: 540-387-2320
                                    Fax:    540-389-2350
                                    Email: JimG@guynnwaddell.com
                                                      JohnF@guynnwaddell.com
                                    *Counsel for Defendants*